## BAUSMAN v. FEESER et

Ohio Appeals, 2nd Dist, Darke Co

Decided Aug 2, 1934

Goodrich & Goodrich, Troy, for plaintiff in error.

Wilbur D. Spidel, for defendant in error.

**OPINION**

By HORNBECK, PJ.

Preliminary to the principal question, we consider certain objections of counsel for defendant, Eva Feeser, to the proceedings in error. First, it is asserted that, to the judgment of the trial court on the demurrer to the second and third causes of action of the petition, no objections were made or exceptions noted; second, that the final judgment entry was an agreed entry, approved by all counsel with no exceptions saved. Therefore, the plaintiff should not be heard to prosecute error in this court. Third, it is claimed that the second cause of action is insufficient because it incorporates by reference certain averments of the first cause of action.

"It is not necessary to reserve an exception to the entry of final judgment, in order to have a judgment reviewed." Hornbeck & Adams, Trial & Appellate Practice, 170. Central Gas Co. v Hope Oil Co., 113 Oh St, 354, 359. Gibbs v Ry Co., 111 Oh St 498.

We have examined the entry which it is asserted was an agreed entry and but for the fact that it is approved by counsel for plaintiff and defendant, Feeser, there is nothing about it to indicate that its terms were mutually agreed. It is much like many entries which are approved by counsel for both parties, the approval, however, not indicating that the unsuccessful party is agreeing that the entry is satisfactory to him but because it properly sets forth that which the court has ordered. We cannot say from the entry as it appears in the transcript of docket and journal entries that it was an agreed entry in the sense that plaintiff should be bound to accept the validity and correctness of the judgment on the second and third causes of action of the petition.

The objection to a pleading by reference is not well taken.

"Statements in one part of a pleading may be incorporated into another by reference to and adoption therein." Hornbeck & Adams, Trial & Appellate Practice, 617; §11331 GC.

Coming, then to the principal question in the case, namely, were the demurrers to the second and third cause of action properly sustained? We are of opinion that they were. The third cause of action did not state a ground for equitable interference by way of injunction, for the reason stated in the brief of counsel for defendant, Eva Reeser, namely, failure to state that there was no adequate remedy at law available to plaintiff.

We have been favored by carefully prepared briefs in this case. Counsel for plaintiff argues with much logic the proposition that upon the facts in this case there arises by law an implied obligation on the part of the principal on the bond to pay to the surety necessary and incidental expenses incurred in requiring the principal to meet her obligations on the bond. The penal sum of this bond was $500.00. That was the amount which the plaintiff agreed might be levied of his goods and chattels if necessary to meet a default on the part of the principal. The trial court afterward remitted all over $100.00 and this was the amount which, by the terms of the recognizance the plaintiff was required to pay. The action is upon the bond. The right of a surety to be reimbursed by his principal cannot exceed the sum required to be paid under the bond. The status of sureties on a recognizance may be likened to sureties on a note. The obligation and the extent

of the obligation and the rights of the parties is founded upon the note. Insofar as a surety on the note may incur expense to see that the principal maker pays the note, he could not hope to be reimbursed. His reward must be found in any reduction in the sum that he as surety would have to pay on the note by reason of his vigilance. So it is upon the bond under consideration. Had the court insisted upon the full payment according to its terms the plaintiff would have been compelled to pay $500.00. In addition, thereto, he would have suffered the loss of the expense money resulting from his efforts to apprehend the defendant. The result of these efforts, though costing him more than $400.00, were practically saved to him because he was required to pay but $100.00 on the principal sum of the bond.

As recognized by counsel, there is a paucity of decision on the specific question here presented. However, there are analogous cases. It has been held that the amount of recovery on a bond cannot exceed the amount of the penalty plus interest. **The Kopplitz-Melchers Brewing Co. v Schultz, 68 Oh St 407.** The penalty is treated as liquidated damages upon a breach of a civil bond. 4 R.C.L. 69.

"The surety is entitled to judgment against the principal for the same specific thing he himself has been adjudged to pay." **50 C. J. 273.**

Of course, it would not be urged that the obligee on this bond could collect, in any event, more than the penal sum stated therein and as the rights of the surety grow out of this instrument, he cannot recover from the principal maker more than he could have been required to pay by the strict terms of the bond.

The judgment will be affirmed.

BARNES, J, concurs.